UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GALE E. TENEFF,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>                Defendant. | NO. CV-06-295-AMJ<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT |

On June 6, 2007, Defendant filed a Motion to Alter or Amend Judgment **(Ct. Rec. 18),** seeking to amend the judgment entered in this case on May 24, 2007. **(Ct. Rec. 16)**. The matter was not noted for hearing. Plaintiff did not file a response. After reconsidering the record and the pleadings filed herein, the court finds that the errors necessitate a remand for further administrative proceedings.

Defendant alleges that the court erred by (1) precluding the ALJ's step two assessment of Plaintiff's credibility; (2) applying the incorrect standard of review to the ALJ's step two finding, and (3) neglecting to apply the proper standard of review to the ALJ's medical evidence determinations. (Ct. Rec. 19 at 2).

1. Evaluating Plaintiff's Credibility at Step Two   Defendant cites *Webb v. Barnhart*, 433 F. 3d 633, 687 (9th Cir. 2005): "Credibility determinations do bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and [her] diagnosed conditions." (Ct. Rec. 19 at 3). Plaintiff's treating physicians diagnosed a severe mental impairment or combination of impairments, including evidence that the impairment existed prior to the date of last insured. The testifying medical experts' opinions were more consistent with finding Plaintiff's impairments severe than non-severe. Plaintiff's subjective complaints were consistent with her physicians' psychiatric

diagnoses.  This record presented the ALJ with consistent medical opinions and subjective complaints by Plaintiff that were consistent with her diagnosed impairments; in such a situation, the ALJ's credibility determination did *not* properly "bear on evaluations of medical evidence" for purposes of step-two analysis.  See *Webb,* 433 F. 3d at 687.  The ALJ erred by rejecting Plaintiff's impairment at step two based on his credibility assessment.

2. <u>Standard of Review - Step Two Finding</u>   Defendant contends that the court did not apply the correct standard of review to the ALJ's step-two analysis.  Defendant misapprehends the standard of review and its application.  Defendant notes that when an ALJ's interpretation of the evidence is susceptible to more than one rational interpretation, and is supported by more than a scintilla of evidence, the decision must be affirmed.  The ALJ's step-two finding in this case is not supported by the requisite evidence, necessitating further administrative proceedings.

3. <u>Standard of Review - Weighing Medical Evidence</u>   Defendant notes that the ALJ may reject uncontradicted treating source opinions for clear and convincing reasons, such as those relied on in this case.  The court found, for the reasons articulated in its decision, that the ALJ failed to provide clear and convincing reasons for rejecting the opinions of Plaintiff's treating physicians, such error necessitates remand for further administrative proceedings .

Accordingly,

**IT IS ORDERED**  that the Defendant's Motion to Alter or Amend Judgment **(Ct. Rec. 18)** is **DENIED.**

DATED this 30th day of July, 2007.

<u> s/ J. Kelley Arnold</u><br>J. KELLEY ARNOLD<br>UNITED STATES MAGISTRATE JUDGE

ORDER ON DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT  - 2